# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2730-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

PETER SANTIAGO,

      Defendant-Appellant.

_____

      Submitted October 21, 2019 – Decided November 12, 2019

      Before Judges Fasciale and Mitterhoff.

      On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 93-05-1916.

      Peter Santiago, appellant pro se.

      Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a February 8, 2019 order denying his fifth petition for post-conviction relief (PCR). Judge Mayra V. Tarantino entered the order, which also denied defendant's application for assigned counsel, and rendered a written opinion. After concluding that defendant lacked good cause for the assignment of counsel, the judge denied his petition relying on Rules 3:22-12, 3:22-4, and 3:22-5.

On appeal, defendant argues:

POINT I

THE COURT ERRED IN CONCLUDING THAT [DEFENDANT'S] PCR PETITION WAS PRECLUDED BY RULE 3:22-4 AND RULE 3:22-12(a)[(2)](B), AND ERRED IN NOT ADJUDICATING THE PETITION AS A PETITION FOR A NEW TRIAL.

POINT II

THE COURT ERRED IN CONCLUDING THAT [DEFENDANT] FAILED TO ESTABLISH ENTITLEMENT TO THE ASSIGNMENT OF COUNSEL UNDER RULE 3:22-6(b).

POINT III

THE COURT ERRED AND CAUSED A FUNDAMENTAL MISCARRIAGE OF JUSTICE IN CONCLUDING THAT [DEFENDANT'S] CLAIMED PCR ENTITLEMENT WAS PRECLUDED BY RULE 3:22-5.

We conclude that defendant's contentions lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).[1] We affirm substantially for the reasons set forth by Judge Tarantino's written opinion. We add the following brief remarks.

The PCR judge correctly concluded that defendant failed to satisfy multiple rules. He did not show good cause for the appointment of counsel under <u>Rule</u> 3:22-6(b) (stating "good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under [<u>Rule</u>] 3:22-4"). And his petition is untimely under <u>Rule</u> 3:22-12(a)(2) (establishing deadlines for the filing of second or subsequent PCR petitions). Consequently, under <u>Rule</u> 3:22-4 (listing reasons to bar second or subsequent petitions for PCR), and <u>Rule</u> 3:22-5 (entitled "Bar of Ground Expressly Adjudicated"), the PCR judge correctly denied defendant's petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] We reach this conclusion after considering defendant's reply brief dated October 4, 2019.

A-2730-18T4